IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL BRILLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-06-1413-R |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered July 25, 2007 [Doc. No. 49] and "Plaintiff's Detailed Objections to the Magistrate's Report and Recommendation" [Doc. No. 56] filed August 16, 2007. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objections. In his Objections, Plaintiff asserts that he has "clearly established a pattern or practice of the defendants of regularly opening and examining confidential legal mail outside of the plaintiff's presence in violation of its own policies," Objections at p. 2, demonstrating his likelihood of succeeding on the merits and that he has shown irreparable injury to him if the preliminary injunction is denied because the seizure and opening of privileged mail violated Plaintiff's First, Sixth and/or Fourteenth Rights. With respect to the alleged confiscated documents, Plaintiff states that "he cannot measure the amount of prejudice against him" because he was never allowed to view the confiscated documents. Plaintiff also argues that the threatened injury to him outweighs the injury to the Defendants if the injunction issues because Defendants would

merely be required to follow their own policies and procedures. "The public interest is always served when the constitution is enforced," Plaintiff states, so the requested injunction would not be adverse to the public interest.

Plaintiff also objects to the denial of his motion for appointment of counsel because, Plaintiff states, he has already encountered "procedural opposition from the defendants" because he has not obtained a complete copy of the North Fork Correctional Facility mail log or a signed subpoena from the Court Clerk to obtain that document.

Plaintiff has submitted evidence that on several occasions "legal" mail from his attorney had been opened when he received it, and thus had obviously been opened outside of his presence and may have been read. *See* Report and Recommendation at p. 6. While this is a violation of CCA Corporate and Facility Policy (Attachment "B-27" to Plaintiff's Application) at pp. 1-3, a violation of that policy does not constitute a violation of Plaintiff's Fourteenth Amendment rights. *See Abbott v. Avis*, 986 F.2d 1426, 1992 WL 403113 at *2 (10th Cir. Dec. 30, 1992) (No. 92-4076). Prison mail procedures, like those set forth in the CCA Corporate and Facility Policy, are designed to protect an inmate's right of access to the courts and as a corollary thereto his right to correspond with his legal counsel. *See Abbott v. Avis*, 1992 WL 403113 at *2, citing *Washington v. James*, 782 F.2d 1134, 1138 (2nd Cir. 1986). Upon the Court's review of all of the pleadings and evidence in this case, the Court agrees with the Magistrate Judge that Plaintiff has failed to show that his ability to pursue any legal claim was hindered as a result of the "improper processing of his 'legal' mail." Report and Recommendation at p. 6. Likewise, Plaintiff has not shown that confiscation of

some of his legal materials actually hindered his ability to pursue a legal claim. Accordingly, Plaintiff has failed to show the likelihood of success on the merits of a claim for the denial of his First Amendment right of access to the courts. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Murphy v. Shenk*, 1998 WL 536381 at *3 (10th Cir. Aug. 10, 1998) (No. 97-1300); *Abbott v. Avis*, 1992 WL 403113 at *2. Likewise, the Court finds that Plaintiff has failed to show any actual interference with Plaintiff's Sixth Amendment right to counsel or resulting injury. *See Smith v. Maschner*, 899 F.2d at 944. A fortiori, Plaintiff has failed to show the threat of irreparable injury if an injunction is not issued. The Court finds it is unnecessary to address Plaintiff's other arguments in support of his objection to the recommended denial of injunctive relief.

The Court fully concurs in the Magistrate Judge's analysis and conclusions concerning Plaintiff's motion for appointment of counsel. In particular, it appears that Plaintiff is very capable of presenting his claims. The Court agrees with the Magistrate Judge that there is no apparent reason why Plaintiff cannot utilize the discovery procedures set forth in the Federal Rules of Civil Procedure to obtain the document(s) he wishes to obtain provided they are relevant and any other relevant information. Indeed, based upon the pleadings and evidence Plaintiff has filed, it appears that he is fully capable of using those discovery procedures.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 49] is ADOPTED in its entirety; Plaintiff's Application for a TRO and Preliminary Injunction [Doc. No. 12] is DENIED; Plaintiff's Application for Protective

Order and Injunctive Relief [Doc. No. 34] is DENIED; and Plaintiff's Motion for Appointment of Counsel [Doc. No. 4] is DENIED. Plaintiff's "Motion to Enlarge" [Doc. No. 41] is DENIED as moot.

**It is so ordered this 27th day of August, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE